UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.   CV–15–00812–MWF (MANx) | Date:  July 1, 2015 |
| Title:      Debra Selznick  -v- Wells Fargo Bank, N.A., et al. | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [17]

Before the Court is the Motion to Dismiss First Amended Complaint (the "Motion") filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") on May 22, 2015.  (Docket No. 17).  Plaintiff Debra Selznick filed an Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (the "Opposition") on June 8, 2015.  (Docket No. 19).  Wells Fargo filed a Reply in Support of Motion to Dismiss First Amended Complaint (the "Reply") on June 15, 2015.  (Docket No. 24).

The Court considered the papers submitted by each party, and held a hearing on June 29, 2015.  For the reasons stated below, the Court **DENIES** the Motion.

**Background**

This action arises out of Wells Fargo's servicing of a loan taken out by Plaintiff and Deanna Lee Johnson to purchase property located at 6627 Whitewood Street, Simi Valley, California (the "Property").  On July 12, 2007, Plaintiff and Johnson executed a Promissory Note and Deed of Trust in favor of World Savings Bank, F.S.B. (Complaint ¶ 7, Docket No. 1-1, Ex. A; Ex. F).  The loan was ultimately acquired by Wells Fargo. (*Id*. ¶ 7).  The Court has laid out in full the factual background of the case in its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (the "April 10 Order") issued on April 10, 2015. (Docket No. 14).  The Court examines only the allegations in Plaintiff's First Amended Complaint ("FAC") that are relevant to this Motion.  (Docket No. 15).

---

**CIVIL MINUTES—GENERAL**                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV–15–00812–MWF (MANx) | Date:  July 1, 2015 |
| Title:     Debra Selznick  -v- Wells Fargo Bank, N.A., et al. | |

Plaintiff suffered from financial difficulties and struggled to make mortgage payments from May 2013 to May 2014.  (FAC ¶¶ 8, 11).  During that period she applied for a loan modification from Wells Fargo.  (FAC ¶¶ 8–9).  In May 2014, Plaintiff's income increased and she attempted to cure her default.  (FAC ¶ 11).  Plaintiff sought assistance from Keep Your Home California ("KYHC") and was approved for assistance up to $22,000.  (*Id*.).  At that time, Plaintiff's arrears were approximately $18,000.  (*Id*.)

KYHC told Plaintiff to obtain a reinstatement quote from Wells Fargo and arrange for payment.  (*Id*.).  Plaintiff spoke with Jennifer Soto-Marin, her single point of contact at Wells Fargo, about her KYHC assistance and reinstating her loan.  (*Id*.).  However, Soto-Marin told Plaintiff that "if KYHC sent Defendant a check in the amount of $22,000.00 to cure Plaintiff's arrears, Defendant would accept the payment, but would not apply the payment to reinstate Plaintiff's loan."  (*Id*.).  This was despite the fact that Plaintiff was less than $22,000 in arrears.  (*Id.*).

Plaintiff alleges that using KYHC's Mortgage Reinstatement Assistance Program ("MRAP") is the same as her making the payment herself.  (*Id.* ¶ 12).  The KYHC would lend her the money with which she would make the necessary payment and KYHC would obtain a junior lien on the property which would expire after five years.  (*Id.*).  However, Soto-Marin told Plaintiff that "any reinstatement amounts would not be used to reinstate her loan, regardless of where they came from."  (*Id.*).  Based on this advice Plaintiff instead pursued a modification from Wells Fargo.  (*Id*. at 13).

On August 7, 2014 Plaintiff received a letter from KYHC.  (*Id*. at 14).  In it, KYHC stated that Wells Fargo participated in KYHC, including MRAP, but had rejected the tender of sufficient funds from KYHC on Plaintiff's behalf without giving any reason.  (*Id.*)

**Requests for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV–15–00812–MWF (MANx) | Date: July 1, 2015 |
| Title: Debra Selznick -v- Wells Fargo Bank, N.A., et al. | |

*Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012). The Court may, however, take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute. *Id.*; Fed. R. Evid. 201(b). Wells Fargo filed a Request for Judicial Notice (the "Wells Fargo RJN") with its Motion, asking the Court to take judicial notice of certain records related to Plaintiff's loan and property ownership. (Docket No. 18). The Wells Fargo RJN is the same as the Request for Judicial Notice Wells Fargo filed with its first motion to dismiss with one exception. (Docket No. 7). For the same reasons given in its April 10 Order, the Court will again take judicial notice of the documents filed in both RJNs. (April 10 Order at 4).

The one addition to the Wells Fargo RJN is a request that the Court take judicial notice of the Mortgage Reinstatement Assistance Program Summary Guidelines (the "MRAP Guidelines") obtained from the KYHC website. (Wells Fargo RJN, Ex. I).

Plaintiff objects to only the MRAP Guidelines. (Docket No. 21). She objects on the basis that the docket is not an appropriate item for judicial notice and Wells Fargo has improperly hidden the date on which it was created. (*Id.*). However, Plaintiff also submits her own Request for Judicial Notice (the "Plaintiff RJN") in which she asks the Court to take judicial notice of the Mortgage Reinstatement Assistance Program Summary Guidelines obtained from the KYHC website. (Docket No. 20). Plaintiff argues that this is an appropriate subject for judicial notice because it is obtained from a government website. (*Id.*).

The Court is frankly confused by Plaintiff's position. The two versions of the MRAP Guidelines are somewhat different. The formatting is slightly different, the amount listed as MRAP's total funding is different between the two documents, and there is one additional section noting that MRAP is not an unemployment program in Wells Fargo's RJN. However, for the rest of the documents, and in particular the section relied on by Wells Fargo in its Motion, both documents are the same. As explained below, it does not matter whether the Court relies on Wells Fargo's or Plaintiff's version, or indeed, on either.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–00812–MWF (MANx)                    Date:  July 1, 2015
Title:        Debra Selznick  -v- Wells Fargo Bank, N.A., et al.

Because the document is from a reliable source – the guidelines of a program of the State of California – the Court will take judicial notice of both Plaintiff and Wells Fargo's versions.  *See Paralyzed Veterans of Am. v. McPherson*, C 06–4670 SBA, 2008 WL 4183981, \*5 (N.D. Cal. Sept. 9, 2008) (taking judicial notice of information on website of governmental agencies).

Both Wells Fargo's RJN and Plaintiff's RJN are **GRANTED**, and the Court takes judicial notice of the documents submitted.  *See, e.g., W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).

**Discussion**

In its Motion, Wells Fargo argues that the Court should dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) for failure to state a claim.  (Mot. at 2).

**Motion to Dismiss Under 12(b)(6)**

In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).  However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief.  *Id*. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV–15–00812–MWF (MANx)                    Date:  July 1, 2015
Title:     Debra Selznick  -v- Wells Fargo Bank, N.A., et al.

### Violation of California Civil Code Section 2924c

Plaintiff's second claim for relief alleges that Wells Fargo violated California Civil Code section 2924c by refusing to accept Plaintiff's offer of payment obtained through KYHC.

Section 2924c states in pertinent part:

> [A borrower] may pay to the [lender] the entire amount due with respect to [the unpaid principal, interest, taxes, and foreclosure expenses] . . . and thereby cure the default theretofore existing, and thereupon, all [foreclosure] proceedings . . . shall be dismissed or discontinued and the obligation and Deed of Trust . . . shall be reinstated.

Cal. Civ. Code § 2924c(a)(1).

The Court dismissed Plaintiff's section 2924c claim in its April 10 Order because Plaintiff had not alleged a sufficient tender of the amounts. In particular, Plaintiff did not allege that Wells Fargo participated in KYHC and so did not allege that it had an obligation to take funds obtained from KYHC. (April 10 Order at 11).

Wells Fargo contends that Plaintiff still does not state a claim because her allegations in the FAC are improperly contradictory to her original allegations, her offer of payment is insufficient under section 2924c, and because an offer of KYHC funds do not suffice for payment under section 2924c because KYHC funds may not be used for fees which must be paid under section 2924c. (Mot. at 3–4).

Wells Fargo argues that Plaintiff is required to pay, not merely offer to pay, to meet the requirements of section 2924c. Wells Fargo is correct that the language of the statute states that a borrower "may pay," and not "may tender," the amount to cure the default. However, tender or legitimate offer of payment is generally accepted as sufficient to meet the redemption requirements of section 2924c under California law. As Witkin explains, "[a]lthough the statute states that the debtor 'may pay,' the usual rule applies that a ***valid tender will be sufficient***. Where the tender is improperly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV–15–00812–MWF (MANx)**               **Date:  July 1, 2015**
**Title:**     Debra Selznick  -*v*- Wells Fargo Bank, N.A., et al.

refused, it is not necessary to go further and complete payment by depositing the money in an account under C.C. 1500."  4 B.E. Witkin, *Summary of California Law*, Security Transactions in Real Estate, § 219 (10th ed. 2005) (citing *Munger v. Moore*, 11 Cal. App. 3d 1, 8, 89 Cal. Rptr. 323 (1970) (holding that beneficiary was liable for wrongful sale after refusal of tender)); *see also Carson v. Bank of Am. NA*, No. 13-15368, 2015 WL 1938349, at *1 (9th Cir. Apr. 30, 2015) ("Under California law, a defaulted borrower may reinstate a loan by tendering the arrearage, plus late and attorney fees, up until five business days before a scheduled trustee's sale. § 2924c(a)(1), (e)").

Based on the allegations, Plaintiff adequately tendered the funds.  She informed Wells Fargo of her intention to make full payment of her arrears and requested assistance in making arrangements for that payment to go through.  Black's Law Dictionary defines "tender" as a "valid and sufficient offer of performance; specif., an unconditional offer of money or performance to satisfy a debt or obligation."  Black's Law Dictionary (10th ed. 2014).  Plaintiff's allegations are that she made just such a "valid and sufficient offer of performance" to Wells Fargo which was refused by Wells Fargo.

At the hearing, counsel for Wells Fargo argued that Plaintiff alleged only a pre-tender dispute, which is not sufficient to state a claim under section 2924c.  The Court is not persuaded that this is a relevant or meaningful distinction.  Plaintiff contacted Wells Fargo for the purpose of sending a check in the correct amount to cure her deficiency as was her right under section 2924c.  Wells Fargo told her, in essence, that it would not abide by its obligations under section 2924c, and Plaintiff reasonably concluded that she should not waste further time and hassle in actually sending the check to have it put to other uses by Wells Fargo.  Wells Fargo may not escape liability for having successfully discouraged Plaintiff from actually sending the check.

Wells Fargo also argues that Plaintiff's arrears included various fees for which KYHC funds could not be used and so she did not actually offer full payment as required by section 2924c and the Deed of Trust.  In support of its position Wells Fargo cites to the MRAP Guidelines which state, in part, that "CalHFA MAC will require that

---

**CIVIL MINUTES—GENERAL**                                                                 **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV–15–00812–MWF (MANx) | Date: July 1, 2015 |
| Title: Debra Selznick -v- Wells Fargo Bank, N.A., et al. | |

the servicer waive all accrued and unpaid late charges and NSF fees for all payments funded with MRAP benefits." (Wells Fargo RJN, Ex. I; Plaintiff RJN, Ex. A). Wells Fargo contends that this section means that the amount of money for which Plaintiff was approved was insufficient to fully cover the arrears because it could not be used for the fees incurred from Plaintiff's default, and payment under section 2924c must include all fees.

The Court reads the MRAP Guidelines differently. The section states that a MRAP imposes a requirement on the servicer – Wells Fargo, in this case – to waive all accrued and unpaid fees if program funds are used. It appears that if Wells Fargo was a participant it would then be required to waive the fees, not that Plaintiff would have to pay them herself. Therefore, once the fees were waived, which Wells Fargo apparently is required to do under its alleged participation in the program, the KYHC funds could be used to pay the full amount.

Regardless, Wells Fargo's argument raises a factual dispute. The exact contours and requirements of KYHC and MRAP, and Wells Fargo's alleged participation, as well as Plaintiff's actual ability to make up any shortfall are better developed through discovery, and not resolved on a motion to dismiss. Plaintiff alleges that she had obtained funds from KYHC through MRAP sufficient to cure her arrears and Wells Fargo rejected those funds despite participating in the program. This is enough to state a claim.

Wells Fargo is correct that the new allegations in the FAC appear to be in tension with the allegations in the Complaint. However, a careful comparison the two sets of allegations shows that the allegations are more consistent than contradictory. In her FAC, Plaintiff alleges that Wells Fargo is a participant in both KYHC and MRAP. (FAC ¶¶ 12, 14). This allegation was based on representations by both Wells Fargo, through Soto-Marin, and KYHC. (*Id.*). In her Complaint, Plaintiff alleged that Wells Fargo would accept the money but not use it to bring her current. (Compl. ¶ 11). She further alleged that KYCH informed her that Wells Fargo "did not approve Plaintiff's use of the KYHC program." (*Id.* ¶ 13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV–15–00812–MWF (MANx) | Date:  July 1, 2015 |
| Title:     Debra Selznick  -v- Wells Fargo Bank, N.A., et al. | |

Wells Fargo argues that Plaintiff's new allegation that Wells Fargo "did participate in the KYHC programs," (Mot. at 4 quoting FAC ¶ 13), "directly contradicts" her allegations that "Wells Fargo *did not* approve use of KYHC funds." (Mot. at 4) (emphasis in original).  However, Plaintiff's original allegation was that she was told that Wells Fargo did not approve "Plaintiff's use of KYHC funds."  (Compl. ¶ 13).  This is not the same thing as Wells Fargo's not participating in the KYHC program at all, as Wells Fargo now characterizes Plaintiff's original allegations.

Wells Fargo also argues that, even if it did participate in KYHC – which it does not concede – Plaintiff's allegations state only a violation of its purported obligations under that program, but do not state a violation of section 2924c.  The Court is not persuaded that this distinction is relevant based on the record before it.  Plaintiff has alleged that payment through MRAP is the same as payment in cash by Plaintiff herself.  (FAC ¶ 12).  Whether the KYHC and MRAP funds were sufficient to cover the arrears is a question of fact that cannot be addressed on a motion to dismiss. Assuming that Wells Fargo is a KYHC participant – which the Court must, based on Plaintiff's allegations – Wells Fargo provides no authority that payment through KYHC is excused completely from the requirements of section 2924c where it would otherwise be sufficient.

**Conclusion**

For the reasons stated above, the Court **DENIES** the Motion.  Wells Fargo shall file an Answer within **14 days** of the filing of this Order.

IT IS SO ORDERED.